UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CODY CHANDLER,

                      Plaintiffs,

           - against -

NCB MANAGEMENT SERVICES, INC. and
JOHN DOES 1–25,

                      Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3587 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Cody Chandler brings this action on behalf of himself and a putative class against Defendants NCB Management Services, Inc. ("NCB"), and John Does 1–25, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"). Before the Court is Defendant NCB's motion to dismiss, which the Court denies for the reasons set forth below.

## BACKGROUND

**I.    Relevant Facts[1]**

Plaintiff alleges that he owed a debt (the "Debt") on a charged-off credit card account with Bank of America, N.A. ("BOA"), which he failed to pay starting in December 2018. (Amended Complaint ("Am. Compl."), Dkt. 8, ¶¶ 25, 38.) The Debt was placed with Defendant NCB for collection. (*Id.* ¶¶ 18–20, 29.) On or about October 8, 2019, November 11, 2019, and December 12, 2019, Defendant NCB sent Plaintiff letters notifying Plaintiff that he owed the Debt (the "Letters"). (*Id.* ¶¶ 22, 24–25, 30–31, 33–34, 36.) The Letters contained the following language on the first page:

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true the allegations in the complaint. *See Littlejohn v. City of New York*, 795 F.3d 297, 306–07 (2d Cir. 2015).

1

> For New York City Residents: WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.

(*Id.* ¶ 44; *see also* Am. Compl. Exhibit A, Dkt. 8-1, at ECF[2] 2; Am. Compl. Exhibit B, Dkt. 8-2, at ECF 2; Am. Compl. Exhibit C, Dkt. 8-3, at ECF 2.) The second page of the Letters contained the following text:

> We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt *may* have expired (emphasis added).

(Am. Compl., Dkt. 8., ¶ 51; *see also* Am. Compl. Exhibit A, Dkt. 8-1, at ECF 3; Am. Compl. Exhibit B, Dkt. 8-2, at ECF 3; Am. Compl. Exhibit C, Dkt. 8-3, at ECF 3.)

Plaintiff's BOA credit card account was governed by North Carolina law. (Am. Compl., Dkt. 8, ¶ 28.) The New York statute of limitations to collect on credit card accounts is six years, and the North Carolina statute of limitations is three years. (*Id.* ¶¶ 40–41); *see also* N.Y. C.P.L.R. 213(2); N.C. Gen. Stat. Ann. § 1-52(1). Neither statute of limitations had expired when Defendant NCB sent Plaintiff the Letters. (Am. Compl., Dkt. 8, ¶¶ 42–43.) Plaintiff claims that the first paragraph cited above led him to believe that he did not have to worry about the Debt, while the second cited paragraph confused him as to whether he could be sued based on the Debt. (*Id.* ¶¶ 46, 52.)

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## II. Procedural History

Plaintiff filed the instant action on July 10, 2020, in the Supreme Court of New York, Kings County. (*See* Dkt. 1-1.) On August 10, 2020, Defendant NCB removed the action to federal court under 28 U.S.C. § 1441(a) based on the Court's original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331. (Notice of Removal, Dkt. 1.) Plaintiff filed an Amended Complaint on August 25, 2020. (Am. Compl., Dkt. 8.) On September 8, 2020, Defendant NCB filed a request for a pre-motion conference in advance of a motion to dismiss. (Pre-Motion Conference Request ("Def.'s Mot."), Dkt. 10.) The Court construed the request as a motion to dismiss and ordered additional briefing, which was completed on November 13, 2020. (10/2/20 Docket Order; Dkts. 11, 13, 15.)

## STANDARD OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint[, the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable

3

inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

## DISCUSSION

Plaintiff brings a single claim against Defendant NCB for violating 15 U.S.C. §§ 1692e and 1692f of the FDCPA. (Am. Compl., Dkt. 8, ¶ 73.) "FDCPA § 1692e prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' while § 1692f prohibits the use of 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Brake v. Slochowsky & Slochowsky, LLP*, --- F.Supp.3d ----, No. 19-CV-280 (ENV) (JO), 2020 WL 7237272, at *5 (E.D.N.Y. Dec. 3, 2020) (quoting 15 U.S.C. §§ 1692e and 1692f).

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); *see also Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 213–14 (2d Cir. 2018) (noting that two principles of statutory construction guide courts' assessments of alleged violations of § 1692e: the FDCPA is liberally construed to effectuate its purpose of consumer protection; and collection notices are analyzed from the perspective of the "least sophisticated consumer" (citations omitted)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomon*, 988 F.2d at 1319). The least sophisticated consumer test is an objective one that "pays no attention to the circumstances of the particular debtor in question." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (per curiam). However, even the least sophisticated consumer is "presumed to possess a rudimentary

4

amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Cap. Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal quotation and citation omitted).

The Second Circuit reads a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). The materiality requirement functions as "a corollary to the well-established proposition that if a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." *Id.* at 85 (internal quotation, alterations, and citation omitted). "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 86 (internal quotation and citation omitted).

Defendant NCB contends that Plaintiff fails to state a claim because the alleged errors that Plaintiff claims are FDCPA violations—namely, that the Letters falsely described Plaintiff's account as outside of the statute of limitations for suit, and the Letters' own internal inconsistency as to this point—do not constitute "material" violations of the FDCPA because they encouraged Plaintiff "*not* to make payments" on his debt. (Defendant's Supplemental Letter ("Def.'s Supp."), Dkt. 13, at 2, 5 (emphasis in original); *see also* Def.'s Mot., Dkt. 10, at 2–3.) Defendant NCB further argues that Plaintiff cannot meet the materiality requirement because he has not alleged that he "actually was sued on the Debt" or that he "suffered any other adverse effect such as interest or late fees accruing on the Debt." (Def.'s Mot., Dkt. 10, at 2–3.) Defendant NCB does not, however, dispute that the representation regarding the statute of limitations was technically false. (*See* Def's Mot., Dkt. 10; Def's Supp., Dkt. 13.)

5

The Court does not find Defendant NCB's arguments persuasive. While it is true that Plaintiff does not "cite any case law stating that a debt collector inducing a Plaintiff *not* to pay his or her debt violates the FDCPA" (Def.'s Supp., Dkt. 13, at 5), that framing of the issue misstates the standard. The FDCPA penalizes false statements that "ha[ve] the potential to affect the decision-making process of the least sophisticated consumer." *Cohen*, 897 F.3d at 85 (internal quotation, citation, and alteration omitted). "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Id.* at 86 (internal quotation and citation omitted). While the misrepresentations regarding the statute of limitations at issue here may not have encouraged Plaintiff to pay his debt, they clearly had the potential to affect his decision-making process and were misleading as to the debt's legal status. As such, they were material.

While the parties do not cite, and the Court has not been able to find, a directly analogous case, the Court has no difficulty in concluding that information as to the statute of limitations for being sued on a debt could influence a consumer's choices regarding debt repayment. The FDCPA is "remedial in nature, [so] its terms must be construed in [a] liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (quoting *N.C. Freed Co. v. Bd. of Governors of Fed. Rsrv. Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973)). Other courts in this district have held that information regarding the timeline for disputing a debt is material, and the regulation and studies that Plaintiff cites further support the materiality of information regarding whether a debt is time-barred. *See Cavallaro v. Law Office of Shapiro & Kreisman,* 933 F.Supp. 1148, 1154 (E.D.N.Y. 1996) (finding an FDCPA violation where a validation notice gave the incorrect starting date for a thirty-day deadline for the plaintiff

6

to dispute a debt); 23 N.Y. Comp. Codes R. & Regs., tit. 23, § 1.3(b)(1) and (5) (requiring debt collectors, when they know or have reason to know that the statute of limitations has expired, to disclose to the consumer that a debt may be time-barred and that payment could revive the statute of limitations); (Plaintiff's Opposition to the Pre-Motion Conference Request ("Pl.'s Opp."), Dkt. 11, at 2 (citing two Federal Trade Commission Reports)).  As Plaintiff alleges, "[t]he least sophisticated consumer [c]ould conclude from [the alleged misrepresentations] that she or he could allocate their limited funds towards resolving a different debt, one in which they believed legal action was a genuine possibility." (Am. Compl., Dkt. 8, ¶ 48.)  A consumer who so concludes might deplete their funds in reliance on the misleading information, thereby leaving themselves less able to make payments on the debt at issue, for which they are still at risk of being sued.  The Court therefore finds that Plaintiff has adequately alleged a material misrepresentation for the purposes of the FDCPA.

Nor is the Court persuaded by Defendant NCB's argument, unsupported by citations to case law, that Plaintiff's claim fails because he does not allege that he suffered actual damages as a result of the errors in the Letters or that he has been sued on the Debt.  (Def.'s Mot., Dkt. 10, at 2–3.)  "Given that statutory damages are available under the FDCPA, [any] argument regarding the absence of actual damages is premature" at the motion to dismiss stage.  *Brake*, 2020 WL 7237272, at *6 n. 4; *see also Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18-CV-7043 (PKC) (LB), 2020 WL 1941319, at *11 n.27 (E.D.N.Y. Apr. 22, 2020) (finding that an FDCPA claim survived a motion to dismiss even though Plaintiff did not allege actual damages as a result of a violation); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 210 (E.D.N.Y. 2009), *as amended* (Dec. 4, 2009) ("All that is required for an award of statutory damages [under the FDCPA] is proof that the statute was violated, although a court must then exercise its discretion

7

to determine how much to award, up to the $1,000 ceiling." (quoting *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998))).

Indeed, in *Cohen*, the Second Circuit rejected the analogous idea that a plaintiff must show actual damages to establish standing to sue under the FDCPA. 897 F.3d at 81–82. The Circuit held that a violation of 15 U.S.C. §§ 1692e and 1692g per se "satisfies the injury-in-fact requirement of Article III" because, "where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient risk of harm to the underlying interest to establish concrete injury without need to allege any *additional* harm beyond the one Congress has identified." *Id.* (internal quotation marks and alterations omitted) (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016)); *see also Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 370 (S.D.N.Y. 2017) ("[M]aking a false statement in connection with an attempt to collect a debt is sufficient harm for standing purposes. In other words, a plaintiff who receives such a misrepresentation has suffered injury in precisely the form § 1692e of the FDCPA was intended to guard against." (internal quotations, alterations, and citations omitted)). "[B]ecause the FDCPA is primarily a consumer protection statute, [the Court] must construe its terms in liberal fashion to achieve the underlying Congressional purpose." *Feldheim*, 257 F. Supp. 3d at 370 (citation omitted). Though the Circuit's holding was framed in response to an argument regarding standing, it also applies to Defendant NCB's Rule 12(b)(6) argument. The Court therefore rejects Defendant NCB's argument that Plaintiff must, as a matter of law, plead that he has suffered actual damages, and finds that Plaintiff has adequately stated an FDCPA claim.

8

## CONCLUSION

For the reasons discussed above, Defendant NCB's motion to dismiss is denied. This case will proceed to discovery.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 23, 2021
       Brooklyn, New York